## Appeal of THE ARCHER PAPER CO.        Docket No. 342.

A corporation, by resolution of its board of directors, authorized its general manager to fix the salaries of all employees. *Held,* that action by the general manager fixing the amount of additional salaries, which action was communicated to the president of the corporation during the taxable year, constituted a valid obligation of the corporation to pay such additional salaries without formal action on the part of the board of directors, and the amount thereof is properly deductible from gross income in that year.

Submitted January 24, 1925; decided February 27, 1925.

*John S. Fletcher, Esq.,* for the taxpayer.

*Willis D. Nance, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

This is an appeal from a determination by the Commissioner of a deficiency in tax in the amount of $9,416.23 for the calendar year 1918 against The Archer Paper Co. The appeal was heard on depositions and the testimony of witnesses produced at the hearing, from which the Board makes the following

### FINDINGS OF FACT.

The taxpayer is a corporation organized under the laws of Tennessee in January, 1914, and keeps its books of account on an accrual basis. At the time of its organization the board of directors passed a resolution providing that the fixing of the salaries of all the employees of the company should be left to the decision of the general manager, and from that time to and including the year 1922 all the salaries and bonus payments in the nature of salaries of officers and employees of the taxpayer were fixed by Will H. Weatherford, the general manager during that time, without any formal action by the board of directors.

Acting under the authority granted by said resolution and in or about the month of July, 1918, the said general manager of the taxpayer determined there should be paid to John Stagmaier, president, and to himself, as general manager, additional salaries for services in the year 1918 of $5,000 each, and communicated such fact to the president, with whom the payment of additional salaries had previously been discussed. These discussions were conducted in the presence and hearing of two other directors who made no objection thereto and no formal action of the directors was had during the year 1918 on the question of additional salaries.

During the year 1918 the directors of the taxpayer were five in number and the stockholders were six in number. All of the directors were stockholders and were the principal employees of the company, and all were engaged in the active management of the business. The capital stock of the taxpayer consisted of 500 shares held as follows:

| | | |
|---|---|---|
| John Stagmaier | 297 | shares |
| W. H. Weatherford | 166 | shares |
| B. W. Friedell | 30 | shares |
| R. B. Krepps | 5 | shares |
| V. B. Weatherford | 1 | share |
| L. M. Hall | 1 | share |
| Total | 500 | shares |

The regular salaries paid to John Stagmaier, president, and W. H. Weatherford, vice president and general manager, in the year 1918 were $2,400 and $5,100, respectively.

In the early part of 1919, the taxpayer employed an accountant to investigate its books for the purpose of preparing income-tax returns for the year 1918. The president of the company was advised by such accountant that, in order to make the payment of the additional salaries legal and binding, a formal resolution of the board of directors was necessary. The general manager protested such action as unnecessary, but at the instance of the president, and on January 10, 1919, a formal resolution of the board of directors was passed authorizing additional salaries in the amounts and payable to the same officers as theretofore had been determined by the general manager.

In its original return for the year 1918 the taxpayer did not deduct the amount of the additional salaries fixed in 1918 because of advice that they were doubtful deductions, but later filed amended returns for that year in which the amounts of the additional salaries were claimed as deductions. The Commissioner has disallowed the deduction upon the ground that no additional salaries were determined upon until the action of the board of directors in 1919 and were therefore not properly deductible in the year 1918.

### DECISION.

The determination of the Commissioner is disapproved and the additional salaries in the amount of $10,000 will be allowed as a deduction from gross income for the taxable year 1918. The amount of the deficiency to be assessed will be settled by the Board on consent or on 30 days' notice under Rule 50.

### OPINION.

MARQUETTE: The only question for determination herein is whether the additional salaries fixed for two of its officers by the taxpayer are properly deductible from gross income in the year 1918. At the time of its organization the board of directors of the taxpayer, by formal resolution, authorized its general manager to fix salaries of all of its employees, and from that time continuously, to and including the year in question, all such salaries had been fixed by said official without any formal action of the board of directors and without any minute entry of such action. Additional salaries had been fixed and paid from time to time and no question was ever raised as to the propriety of such action. In the year 1918 the directorate of the corporation was composed of five of its six stockholders, and all were employees actually engaged in the business of the corporation. The question of additional salaries to be

paid for services in the year 1918 was the subject of discussion between the president and the general manager of the taxpayer, and these discussions were conducted in the presence and hearing of two other directors. It was determined in July, 1918, by the general manager, that additional salaries of $5,000 each should be paid to the president and general manager, and such fact was communicated to the president at that time. After the close of the year a tax advisor was called in, who informed the president that, in order to make the payment of the additional salaries legal, formal action of the board of directors was necessary. The general manager protested the necessity of such action, but upon the insistence of the president a formal resolution was passed by the directors on January 10, 1919, authorizing the payment of the additional salaries to the persons and in the amounts as formerly fixed by the general manager. The accountant who prepared the taxpayer's original return for the year 1918 doubted the validity of the deduction and made no claim therefor. After consultation with certain tax officials, amended returns were filed for that year in which the amount of the additional salaries was claimed as a deduction, and this deduction has been disallowed by the Commissioner.

Upon these facts we are of opinion that the action of the general manager and the communication of such action to the president of the company created a valid obligation on the part of the corporation to pay the amount of the additional salaries and without any formal action on the part of the directors. If any question can be raised as to the extent of the authority of the general manager under the resolution in fixing salaries or additional salaries of the officers or employees, we think the practical construction by the taxpayer, continued over a period of years without objection from the directors and stockholders, should control, and that the action of the general manager in such circumstances is the action of the corporation. The fact that the board of directors in the year following passed a formal resolution authorizing the payment of additional salaries to the same officers and in the same amounts can not impair the authority previously vested in the general manager and actually exercised by him. The most that can be said for the resolution of January 10, 1919, is that it was passed for further security and in confirmation of action theretofore legally binding.

It is our opinion that the additional salaries in the amount of $10,000, fixed by the general manager in 1918, are properly deductible from gross income in that year.